## Commonwealth *v.* Excelsior Brick and Stone Company, Appellant.

*Taxation—Exemption—Manufacturing corporations—Stopping business.*

A manufacturing corporation which has been compelled to stop business by reason of the condemnation of most of its lands by a municipality, is thereafter not exempt from taxation, and its stock may be taxed on a fair valuation of its assets, consisting of its claim against the city for damages, and its remaining real estate.

Argued May 22, 1911. Appeal, No. 12, May T., 1911, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1909, No. 94, on case tried by the court without a jury in suit of Commonwealth v. Excelsior Brick and Stone Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from tax settlement.

KUNKEL, P. J., filed the following opinion:

This is an appeal by the defendant from a settlement of an account against it for tax on its capital stock for

the year 1908. It has been submitted to the court for trial without a jury, agreeably to the provisions of the Act of April 22, 1874, P. L. 109. The facts are not disputed, and we find them to be as follows:

The defendant company is a corporation organized for manufacturing purposes under the Act of July 18, 1864, P. L. 1102. Until September, 1903, it was exclusively engaged in the manufacture and sale of brick. Its paid up capital stock is $597,900, represented by its manufacturing plant located in Philadelphia, and including seventy-two acres of land. In September, 1903, the city of Philadelphia, under its power of eminent domain, condemned and appropriated more than fifty acres of its land for street and park purposes. Thereupon the company suspended business, and from that time has transacted no business whatever, except to sell the accumulated brick which it had on hand at the time, but has been awaiting the payment of damages for the land taken with the view of winding up its affairs and distributing its assets among its stockholders. It has no indebtedness. The viewers appointed by the court found the amount of damages suffered by the company because of the taking of its property to be $171,500, but upon appeal and trial in court, the jury fixed the damages at $375,000. The assessed value of that part of the real estate not taken and remaining to the company is $134,000. The company duly made its annual report to the auditor general, appraising its capital stock at $2.25 a share, or at the total value of $134,527.50. The accounting officers of the commonwealth not being satisfied with this appraisement assessed and valued the capital stock at $375,000, and settled an account against the company for the tax of five mills on such valuation, which amounted to $1,875, from which settlement this appeal was taken.

### DISCUSSION.

The commonwealth claims the tax under sec. 21 of the Act of June 1, 1889, P. L. 420, as further amended by

the Act of June 8, 1893, P. L. 353, which imposes upon every corporation an annual tax of five mills upon each dollar of the actual value of its whole capital stock. The defendant denies its liability for the tax, contending that it is exempt therefrom under the proviso of the act, which declares "that the provisions of this section shall not apply to the taxation of so much of the capital stock of corporations—organized for manufacturing purposes, which is invested in and actually and exclusively employed in carrying on manufacturing within the State, except companies engaged in the brewing or distilling of spirits or malt liquors, and such as enjoy and exercise the right of eminent domain; but every manufacturing corporation —shall pay the State tax of five mills, herein provided, upon such proportion of its capital stock, if any, as may be invested in any property or business not strictly incident or appurtenant to its manufacturing business,—it being the object of this proviso to relieve from State taxation only so much of the capital stock as is invested purely in the manufacturing plant and business." The right of the defendant company to the benefit of this exemption must be clear, otherwise it is liable with all other corporations for the tax provided for in the act. It is at once manifest that the defendant is not entitled to the exemption. It ceased to operate its plant in 1904, intending to go out of business. It has not engaged in manufacturing since that time. Therefore, none of its capital has been actually employed in manufacturing since 1904. Instead, the greater part of its property representing its capital stock was then taken from it, and its capital stock has since been represented in part by that portion of its real estate remaining, and in part by its claim against the city of Philadelphia for the portion which was taken. It cannot be said, therefore, that any of such property is actually employed in carrying on manufacturing, nor can it be said that the claim which it holds against the city of Philadelphia is an investment in its manufacturing plant or business.

Further, the company objects to the valuation placed upon its stock by the accounting officers. Ordinarily the valuation put upon capital stock by the officers of a company under oath is to be considered of no little weight, but it is not controlling. The officers of this company appraised the capital stock at the highest price for which it sold during the year 1908, but it does not appear under what circumstances the sale was made, whether it was a private or a public sale or whether those between whom the sale was had really knew the value of the stock. The value of the property and assets of the company as shown by the local assessment and the amount of damages fixed by the jury in the condemnation proceedings is $509,000, and the company has no indebtedness.

Having regard to all the elements which properly enter into the value of capital stock and which ought to be considered, we cannot differ from the accounting officers, and therefore find that their valuation of $375,000 is the fair actual value in cash of the defendant company's capital stock, or of so much thereof at least as is not invested in its manufacturing plant or business.

We therefore conclude:—

1. That the capital stock of the defendant company is liable for and not wholly exempt from the capital stock tax imposed by the Act of June 1, 1889, as further amended by the Act of June 8, 1893, P. L. 353.

2. That the defendant company is liable to the commonwealth for the capital stock tax of five mills on the valuation of $375,000 for the year 1908.

3. Accordingly, judgment is directed to be entered in favor of the commonwealth and against the defendant company for $1,875 unless exceptions be filed within the time limited by law.

*Error assigned* was the judgment of the court.

*Boyd Lee Spahr,* with him *Ellis Ames Ballard,* for appellant.

*William M. Hargest,* assistant deputy attorney general, with him *John C. Bell,* attorney general, for appellee.


PER CURIAM, July 6, 1911:

The judgment is affirmed on the opinion of the learned president judge of the common pleas.